Case 1:22-cr-00165-JPH-TAB   Document 51   Filed 07/02/24   Page 1 of 4 PageID #: 238

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America
v.
Adams

Case No: 1:22-cr-165-JPH-TAB
USM No: Reg. No. 33695-510

Date of Original Judgment: 04/17/2023
Date of Previous Amended Judgment: 
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 04/17/2023 shall remain in effect.
**SO ORDERED.**

07/02/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cr-00165-JPH-TAB |
| JENNIFER L. ADAMS, | ) -01 |
| Defendant. | ) ) ) |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Jennifer Adams has filed two motions to reduce her sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 41; dkt. 42.

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Ms. Adams seeks a reduction under Amendment 821 Part B[1], which decreases the offense level "for certain zero-point offenders." Dkt. 41; USSG §4C1.1(a). The government responds that Ms. Adams is not eligible for a reduction because she is not a zero-point offender. Dkt. 50.

To be eligible for the zero-point offender retroactive adjustment, Ms. Adams must have "not receive[d] any criminal history points from Chapter Four Part A" of the sentencing guidelines. USSG §4C1.1(a)(1). However, she received two criminal history points under USSG §4A1.1(c) for 2020 and 2022 convictions. Dkt. 26 at 10, 13. While she argues that those can be removed, dkt. 41 at 1, she may not raise that argument in a motion for sentence reduction. USSG §1B1.10(b)(1) (the Court "shall leave all [unamended] guideline application decisions unaffected"). Ms. Adams therefore is not eligible for a sentence reduction under *Dillon*'s first step, and her motions are **DENIED**. Dkt. [41]; dkt. [42].

**SO ORDERED.**

Date: 7/2/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Ms. Adams mentions Part A, which limits "status points" imposed for having committed the offense while under a criminal justice sentence. Dkt. 42; USSG §4A1.1. Since Ms. Adams received no status points, dkt. 26 at 14, Part A cannot apply to her.

Distribution:

All electronically registered counsel

Jennifer L. Adams
Reg. No. 33695-510
FPC Alderson
Federal Prison Camp
Glen Ray Rd. Box A
Alderson, WV 24910

3